NB:JAM
F.#2017R01650

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC -6 2017 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

– – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

JOHN AMBROSIO,
    also known as "Johnny Boy,"
THOMAS ANZALONE,
ALESSANDRO DAMELIO,
    also known as "Sandro,"
JOSEPH DURSO,
ANTHONY RODOLICO,
ANTHONY SALADINO and
FRANK SALERNO,
    also known as "Frankie Boy,"

             Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 17-522 (S-1)(SJF)
(T. 18, U.S.C., §§ 892(a), 894(a),
  981(a)(1)(C), 1512(c)(2), 1512(k), 1955(a),
  1955(d), 1962(d), 1963, 1963(a), 1963(m),
  2 and 3551 et seq.; T. 21, U.S.C.,
  §§ 841(a)(1), 841(b)(1)(A)(ii)(II),
  841(b)(1)(B)(ii)(II), 841(b)(1)(C),
  841(b)(1)(D), 841(b)(1)(E)(2), 846, 853(a)
  and 853(p); T. 28, U.S.C., § 2461(c))

– – – – – – – – – – – –X

THE GRAND JURY CHARGES:

INTRODUCTION

        At all times relevant to this Superseding Indictment ("Indictment"), unless otherwise indicated:

The Enterprise

        1.      The members and associates of the Gambino organized crime family of La Cosa Nostra constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact (hereinafter, the "Gambino crime family" and the "enterprise").   The enterprise constituted an ongoing organization

whose members functioned as a continuing unit for a common purpose of achieving the

objectives of the enterprise.   The Gambino crime family engaged in, and its activities

affected, interstate and foreign commerce.   The Gambino crime family was an organized

criminal group that operated in the Eastern District of New York and elsewhere.

      2.      La Cosa Nostra operated through organized crime families.   Five of

these crime families – the Bonanno, Colombo, Gambino, Genovese and Luchese crime

families – were headquartered in New York City and supervised criminal activity in New

York, in other areas of the United States and, in some instances, in other countries.   Another

crime family, the Decavalcante crime family, operated principally in New Jersey, but from

time to time also in New York City.

      3.      The ruling body of La Cosa Nostra, known as the "Commission,"

consisted of leaders from each of the crime families.   The Commission convened from time

to time to decide certain issues affecting all of the crime families, such as rules governing

crime family membership.

      4.      The Gambino crime family had a hierarchy and structure.   The head of

the Gambino crime family was known as the "boss."   The Gambino crime family boss was

assisted by an "underboss" and a counselor known as a "consigliere."   Together, the boss,

underboss and consigliere were the crime family's "administration."   With the assistance of

the underboss and consigliere, the boss was responsible for, among other things, setting

policy and resolving disputes within and between La Cosa Nostra crime families and other

criminal groups.   The administration further supervised, supported, protected and disciplined

the lower-ranking participants in the crime family.   In return for their supervision and

protection, the administration received part of the illegal earnings generated by the crime family. Members of the Gambino crime family served in an "acting" rather than "official" capacity in the administration on occasion due to another administration member's incarceration or ill health, or for the purpose of seeking to insulate another administration member from law enforcement scrutiny. Further, on occasion, the Gambino crime family was overseen by a "panel" of crime family members that did not include the boss, underboss and/or consigliere.

5.      Below the administration of the Gambino crime family were numerous "crews," also known as "regimes" and "decinas." Each crew was headed by a "captain," also known as a "skipper," "caporegime" and "capodecina." Each captain's crew consisted of "soldiers" and "associates." The captain was responsible for supervising the criminal activities of his crew and providing the crew with support and protection. In return, the captain often received a share of the crew's earnings.

6.      Only members of the Gambino crime family could serve as a boss, underboss, consigliere, captain or soldier. Members of the crime family were referred to on occasion as "goodfellas" or "wiseguys," or as persons who had been "straightened out" or who had their "button." Associates were individuals who were not members of the crime family, but who nonetheless engaged in criminal activity for, and under the protection of, the crime family.

7.      Many requirements existed before an associate could become a member of the Gambino crime family. The Commission of La Cosa Nostra from time to time limited the number of new members that could be added to a crime family. An associate

was also required to be proposed for membership by an existing crime family member. When the crime family's administration considered the associate worthy of membership, the administration then circulated the proposed associate's name on a list given to other La Cosa Nostra crime families, which the other crime families reviewed and either approved or disapproved.   Unless there was an objection to the associate's membership, the crime family then "inducted," or "straightened out," the associate as a member of the crime family in a secret ceremony.   During the ceremony, the associate, among other things: swore allegiance for life to the crime family above all else, even the associate's own family; swore, on penalty of death, never to reveal the crime family's existence, criminal activities and other secrets; and swore to follow all orders issued by the crime family boss, including swearing to commit murder if the boss directed it.

<u>Methods and Means of the Enterprise</u>

8.     The principal purpose of the Gambino crime family was to generate money for its members and associates.   This purpose was implemented by members and associates of the Gambino crime family through various criminal activities, including drug trafficking, robbery, extortion, fraud, illegal gambling and loansharking.   The members and associates of the Gambino crime family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.     Although the primary purpose of the Gambino crime family was to generate money for its members and associates, the members and associates at times used the resources of the family to settle personal grievances and vendettas, sometimes with the

approval of higher-ranking members of the family. For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10. The members and associates of the Gambino crime family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities. That conduct included a commitment to murdering persons, particularly members or associates of the crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11. Members and associates of the Gambino crime family often coordinated criminal activity with members and associates of other organized crime families.

### The Defendants

12. At all times relevant to this Indictment, the defendant JOHN AMBROSIO, also known as "Johnny Boy," was a soldier and an acting captain in the Gambino family.

13. At various times relevant to this Indictment, the defendants THOMAS ANZALONE, ALESSANDRO DAMELIO, also known as "Sandro," JOSEPH DURSO, ANTHONY RODOLICO and ANTHONY SALADINO were associates in the Gambino family.

14. At all times relevant to this Indictment, the defendant FRANK SALERNO, also known as "Frankie Boy," was a soldier in the Bonanno organized crime family who associated with the Gambino family by engaging in criminal schemes with

6

the defendants and other members and associates of the Gambino family to achieve the common purposes and goals of the enterprise.

COUNT ONE<br>(Racketeering Conspiracy)

15.     The allegations in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.     On or about and between January 1, 2014 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," THOMAS ANZALONE, ALESSANDRO DAMELIO, also known as "Sandro," JOSEPH DURSO, ANTHONY RODOLICO, ANTHONY SALADINO and FRANK SALERNO, also known as "Frankie Boy," together with others, being persons employed by and associated with the Gambino family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.   Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## RACKETEERING ACT ONE
(Extortionate Extension and Collection of Credit Conspiracy)

17.     The defendants JOHN AMBROSIO, THOMAS ANZALONE,

ANTHONY RODOLICO and ANTHONY SALADINO, together with others, agreed to the

commission of the following acts, either one of which alone constitutes Racketeering Act

One:

A.     Extortionate Extension of Credit Conspiracy

18.     On or about and between January 1, 2015 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, THOMAS ANZALONE,

ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly

and intentionally conspire to make one or more extortionate extensions of credit, in violation

of Title 18, United States Code, Section 892(a).

B.     Extortionate Collection of Credit Conspiracy

19.     On or about and between January 1, 2015 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, THOMAS ANZALONE,

ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly

and intentionally conspire to participate in the use of extortionate means (1) to collect and

attempt to collect one or more extensions of credit and (2) to punish one or more persons for

the nonrepayment thereof, in violation of Title 18, United States Code, Section 894(a).

## RACKETEERING ACT TWO
(Extortionate Extension and Collection of Credit – John Doe #1)

20.     The defendants JOHN AMBROSIO, ANTHONY RODOLICO and

ANTHONY SALADINO, together with others, agreed to the commission of the following

acts, either one of which alone constitutes Racketeering Act Two:

A.     Extortionate Extension of Credit

21.     On or about and between January 1, 2015 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, ANTHONY RODOLICO and

ANTHONY SALADINO, together with others, did knowingly and intentionally make one

or more extortionate extensions of credit to John Doe #1, an individual whose identity is

known to the Grand Jury, in violation of Title 18, United States Code, Sections 892(a) and

2.

B.     Extortionate Collection of Credit

22.     On or about and between January 1, 2015 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, ANTHONY RODOLICO and

ANTHONY SALADINO, together with others, did knowingly and intentionally participate

in the use of extortionate means (1) to collect and attempt to collect one or more extensions

of credit from John Doe #1, and (2) to punish John Doe #1 for the nonrepayment thereof, in

violation of Title 18, United States Code, Sections 894(a) and 2.

## RACKETEERING ACT THREE
### (Illegal Gambling)

23.     On or about and between January 1, 2014 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, ALESSANDRO DAMELIO,

JOSEPH DURSO, ANTHONY SALADINO and FRANK SALERNO, together with others,

did knowingly and intentionally conduct, finance, manage, supervise, direct and own all and

part of an illegal gambling business, to wit: a gambling business involving poker games,

electronic gaming machines and sports betting, which operated in violation of the laws of

New York State, to wit: New York Penal Law Sections 225.05, 225.10, 225.20 and 20.00,

which involved five or more persons who conducted, financed, managed, supervised,

directed and owned all or part of such business and which remained in substantially

continuous operation for a period in excess of 30 days and had gross revenues of $2,000 or

more in a single day, in violation of Title 18, United States Code, Sections 1955(a) and 2.

## RACKETEERING ACT FOUR
### (Conspiracy to Distribute Cocaine)

24.     In or about and between June 2015 and December 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants THOMAS ANZALONE, ANTHONY SALADINO and FRANK SALERNO,

together with others, did knowingly and intentionally conspire to distribute and possess with

intent to distribute a controlled substance, which offense involved a substance containing

cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section

841(a)(1), in violation of Title 21, United States Code, Section 846, and the amount of

cocaine involved in the conspiracy attributable to ANTHONY SALADINO and FRANK

SALERNO as a result of their own conduct, and the conduct of other conspirators reasonably

foreseeable to them, was five kilograms or more of a substance containing cocaine.

## RACKETEERING ACT FIVE
(Distribution of Cocaine)

25.     In or about and between January 2016 and July 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ANTHONY SALADINO and FRANK SALERNO, together with others, did

knowingly and intentionally distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing cocaine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

## RACKETEERING ACT SIX
(Conspiracy to Distribute Marijuana)

26.     In or about and between June 2015 and September 2016, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants JOSEPH DURSO, ANTHONY SALADINO and FRANK

SALERNO, together with others, did knowingly and intentionally conspire to distribute and

possess with intent to distribute a controlled substance, which offense involved a substance

containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States

Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT SEVEN
(Conspiracy to Distribute Alprazolam)

27.     In or about and between July 2016 and August 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALESSANDRO DAMELIO, JOSEPH DURSO and ANTHONY SALADINO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing alprazolam, a Schedule IV controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT EIGHT
(Obstruction of Justice Conspiracy/Obstruction of Justice)

28.     The defendants JOHN AMBROSIO and ANTHONY RODOLICO, together with others, agreed to the commission of the following acts, either one of which alone constitutes Racketeering Act Eight:

A.     <u>Obstruction of Justice Conspiracy</u>

29.     In or about and between September 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO and ANTHONY RODOLICO, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2), in violation of Title 18, United States Code, Section 1512(k).

B.  Obstruction of Justice Attempt

30.  In or about and between September 2017 and the date of this
Indictment, both dates being approximate and inclusive, within the Eastern District of New
York and elsewhere, the defendants JOHN AMBROSIO and ANTHONY RODOLICO,
together with others did knowingly, intentionally and corruptly attempt to obstruct, influence
and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the
Eastern District of New York, in violation of Title 18, United States Code, Sections
1512(c)(2) and 2.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT TWO
(Collection of Unlawful Debt Conspiracy)

31.  The allegations contained in paragraphs one through 14 are realleged
and incorporated as if fully set forth in this paragraph.

32.  On or about and between January 1, 2014 and the date of this
Indictment, both dates being approximate and inclusive, within the Eastern District of New
York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy,"
THOMAS ANZALONE and ANTHONY SALADINO, together with others, being persons
employed by and associated with the Gambino family, an enterprise which engaged in, and
the activities of which affected interstate and foreign commerce, did knowingly and
intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to
conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise,
through the collection of unlawful debt, as defined in 1961(6), that is a debt incurred and
contracted in gambling activity in violation of Federal law, to wit: Title 18, United States

Code, Section 1955, and State law, to wit: New York Penal Law Sections 225.05, 225.10 and 225.20, and incurred in connection with the business of gambling in violation of Federal and State law.   It was part of the conspiracy that each defendant agreed that a conspirator would collect at least one unlawful gambling debt in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Extortionate Extension of Credit Conspiracy)

33.     On or about and between January 1, 2015 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," THOMAS ANZALONE, ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly and intentionally conspire to make one or more extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

## COUNT FOUR
(Extortionate Collection of Credit Conspiracy)

34.     On or about and between January 1, 2015 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," THOMAS ANZALONE, ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly and intentionally conspire to participate in the use of extortionate

means (1) to collect and attempt to collect one or more extensions of credit, and (2) to punish one or more persons for the nonrepayment thereof.

(Title 18, United States Code, Sections 894(a) and 3551 et seq.)

## COUNT FIVE
(Extortionate Extension of Credit – John Doe #1)

35.     On or about and between January 1, 2015 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly and intentionally make one or more extortionate extensions of credit to John Doe #1.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT SIX
(Extortionate Collection of Credit – John Doe #1)

36.     On or about and between January 1, 2015 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," ANTHONY RODOLICO and ANTHONY SALADINO, together with others, did knowingly and intentionally participate in the use of extortionate means (1) to collect and attempt to collect one or more extensions of credit from John Doe #1, and (2) to punish John Doe #1 for the nonrepayment thereof.

(Title 18, United States Code, Sections 894(a), 2 and 3551 et seq.)

## COUNT SEVEN
### (Illegal Gambling)

37.     The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

38.     On or about and between January 1, 2014 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants JOHN AMBROSIO, also known as "Johnny Boy," ALESSANDRO DAMELIO, also known as "Sandro," JOSEPH DURSO, ANTHONY SALADINO and FRANK SALERNO, also known as "Frankie Boy," together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct and own all and part of an illegal gambling business, to wit: a gambling business involving poker games, electronic gaming machines and sports betting, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05, 225.10 and 225.20, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business and which remained in substantially continuous operation for a period in excess of 30 days and had gross revenues of $2,000 or more in a single day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT EIGHT
### (Conspiracy to Distribute Cocaine)

39.     In or about and between June 2015 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS ANZALONE, ANTHONY SALADINO and FRANK SALERNO, also known as "Frankie Boy," together with others, did knowingly and intentionally conspire

to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).   The amount of cocaine involved in the conspiracy attributable to defendants ANTHONY SALADINO and FRANK SALERNO, also known as "Frankie Boy," as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

   (Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT NINE
(Distribution of Cocaine)

   40.   In or about and between January 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY SALADINO and FRANK SALERNO, also known as "Frankie Boy," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

   (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Distribute Marijuana)

   41.   In or about and between June 2015 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH DURSO, ANTHONY SALADINO and FRANK SALERNO, also

known as "Frankie Boy," together with others, did knowingly and intentionally conspire to

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21,

United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United

States Code, Sections 3551 et seq.)

COUNT ELEVEN
(Conspiracy to Distribute Alprazolam)

42.    In or about and between July 2016 and August 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALESSANDRO DAMELIO, also known as "Sandro," JOSEPH DURSO and

ANTHONY SALADINO, together with others, did knowingly and intentionally conspire to

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing alprazolam, a Schedule IV controlled substance, contrary to Title 21,

United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(E)(2); Title 18,

United States Code, Sections 3551 et seq.)

COUNT TWELVE
(Obstruction of Justice Conspiracy)

43.    In or about and between September 2017 and the date of this

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," and

ANTHONY RODOLICO, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT THIRTEEN
(Obstruction of Justice Attempt)

44.     In or about and between September 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN AMBROSIO, also known as "Johnny Boy," and ANTHONY RODOLICO, together with others, did knowingly, intentionally and corruptly attempt to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

45.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offenses to forfeit any interest the person has acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted, or participated in the

conduct of, in violation of Section 1962; and any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

46.      If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE THROUGH SIX

47.      The United States hereby gives notice to the defendants charged in Counts Three through Six, that upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses.

48.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN

49.     The United States hereby gives notice to the defendants charged in Count Seven that upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense, and Title 18, United States Code, Section 1955(d), which requires any person convicted of such offense to forfeit any property, including money, used in such offense.

50.    If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS EIGHT THROUGH ELEVEN

51.    The United States hereby gives notice to the defendants charged in Counts Eight through Eleven that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

52.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*JOHN AMBROSIO, also known as "Johnny Boy," THOMAS
ANZALONE, ALESSANDRO DAMELO, also known as "Sandro,"
JOSEPH DURSO, ANTHONY RODOLICO, ANTHONY SALADINO and
FRANK SALERNO, also known as "Frankie Boy,"*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 892(a), 893, 894(a), 981(a)(1)(C), 1512(c)(2), 1512(k),
1623, 1955, 1955(d), 1962(d), 1963, 1963(a), 1963(m), 2 and 3551 et
seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(ii)(II),
841(b)(1)(B)(ii)(II), 841(b)(1)(D), 841(b)(1)(E)(2), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

Clerk
_____

***Artie McConnell***
***Assistant U.S. Attorney (631) 715-7825***