FILED
CLERK
2:17 pm, May 26, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

JOHN AMBROSIO,

               Defendant.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

17 CR 522 (GRB)

**GARY R. BROWN, United States District Judge:**

Pending before the Court is a motion by the defendant, John Ambrosio, for a compassionate release primarily based upon a claim that his health concerns warrant compassionate release. Docket Entry ("DE") 361.

**Standard of Review**

The standard of review under this statute, which has been altered by recent a Second Circuit decision, has been thoughtfully described by Judge Ross in *United States v. Thrower*, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020), as follows:

> The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). . . .
>
> Accordingly, in determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t)).

1

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is not binding on a district court, *see id*. at 235-36, but it does provide some guidance. . . .

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] ....
> (5) any pertinent [Sentencing Commission] policy statement ....
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.
> *Id*. § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

*Thr*. Importantly, in reviewing this application, this Court has exercised its discretion, as clearly defined in *Brooker*, to consider the full slate of arguments raised by defendant while being mindful of the statutory factors found in 18 U.S.C. § 3553.

**Facts**

Coincidentally, though not irrelevantly, this writer presided -- as a magistrate judge -- over Mr. Ambrosio's initial appearance. *See* Tr. of Proceedings dated December 12, 2017, DE 105. At that time, Mr. Ambrosio's counsel argued that:

> His health is terrible at the current time. He's had kidney issues, recently hospitalized for an infection in his leg, he's got four stints in his heart, he's [got] blood issues, he's got specialized care with three separate doctors that he has an ongoing weekly basis with.

*Id.* at 7. In an unusual turn of events, the prosecutor stated, "I'm not going to challenge or minimize his medical condition at all," but noted that "law enforcement surveilled at least one individual going to the hospital to deliver Mr. Ambrosio money." *Id.* at 10. For this and other reasons, notwithstanding his health issues, the Court found that there was "a serious risk that this Defendant, Mr. Ambrosio, will obstruct justice and/or otherwise endanger the safety of another person in the community." *Id.* at 16.

Subsequently, on May 31, 2018, the defendant entered a guilty plea before the undersigned – again in the capacity of magistrate judge – which was accepted by Judge Feuerstein. DE 171. At that time, the defendant attested by allocution to participation in the activities of the Gambino crime family, admitting to his participation in a racketeering conspiracy which included the extortionate extension and collection of credit. *Id.* at 18-20. Immediately following the plea, counsel moved for release under an extraordinarily substantial bail package, again based largely on the defendant's health conditions as well as a particular family problem that needed attention. *Id.* at 21-25. At that point, the undersigned granted bail pending sentencing. *Id.* at 39-47.

In its pre-sentencing memorandum, the Government outlined the offense conduct engaged in by Ambrosio, including excerpts of recorded threats of violence made by defendant and an associate in connection with collection of debts, and details of massive sports betting operations run by the defendant only a few years ago. DE 270 at 1-4. Moreover, the defendant's criminal history is a virtual paean to recidivism. *Id.* at 8-9. Judge Feuerstein sentenced the defendant to a term of 51 months. DE 282.[1] This sentence represented a substantial downward departure from the advisory guidelines, to account for several factors, including the defendant's need for medical care, but at the same time to afford deterrence. DE 281.

---

[1] According to counsel, defendant will be eligible for home or community confinement in a number of months irrespective of the outcome of this motion.

The parties initially quarreled over whether defendant had exhausted his administrative remedies in connection with this application (which is not defendant's first), but on balance it appears that defendant has met that requirement. *See* DE 361-64.

**Discussion**

Defendant's application was initially premised solely upon his testing positive for the COVID virus. Notably, the medical records provided suggest that, although defendant tested positive in January 2021, he "has no complaints and feels well." DE 361-2 at 2. Defendant has not demonstrated any tangible effect of the positive COVID test.[2] Furthermore, he has not demonstrated that his health has significantly deteriorated while in custody, and there is some indication in the records that defendant has, at times, refused medical treatment.

Here, the sentence imposed by Judge Feuerstein already accounted for defendant's extensive health issues, yet recognized the need for deterrence and punishment. The additional information that the defendant has tested positive for COVID does not substantially alter that balance. Thus, in considering all of the factors under 18 U.S.C. § 3553, the arguments presented do not warrant an early release or reduction of sentence. *See United States v. Rosario*, 2020 WL 3100461, at *1 (S.D.N.Y. June 11, 2020) ("Assuming the confluence of Mr. Rosario's medical conditions and the BOP's handling of the pandemic presents 'extraordinary and compelling reasons' to reduce his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), the Court nonetheless finds that the factors set forth in 18 U.S.C. § 3553(a) outweigh those reasons and mitigate against a reduction in his original sentence.").

---

[2] A ground belatedly raised by the defendant is a claim that a "key witness" for the Government was indicted in a massive Ponzi scheme. DE 363. This procedurally improper claim is meritless for many reasons, not the least of which is the fact that the defendant pled guilty to the charges. While the Court recognizes it has the discretion to consider such an argument, that ground for relief is rejected.

**Conclusion**

Based on the foregoing, defendant's application for a compassionate release under 18 U.S.C. § 3582 is DENIED. The Clerk of the Court is respectfully directed to terminate the motion.

Dated: Central Islip, NY
          May 26, 2021

                                        /s/ Gary R. Brown_____
                                        Hon. Gary R. Brown
                                        United States District Judge